UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE RAMSER,<br><br>          Plaintiff,<br><br>v.<br><br>RICKY LAIELLI; UNIVERSITY OF SAN DIEGO, a California corporation; and DOES 1-20,<br><br>          Defendants. | Case No.: 15-CV-2018-CAB-DHB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 113] |

On August 4, 2017, the Court granted summary judgment in favor of Defendant University of San Diego ("USD"). Plaintiff now moves for reconsideration of that order. Plaintiff's motion is denied.

Plaintiff cites Federal Rule of Civil Procedure Rule 59 for the proposition that "[a] motion for reconsideration should be granted when there are highly unusual circumstances." [Doc. No. 113 at 27.][1] Rule 59, however, provides only that after entry

---

[1] Plaintiff may have taken this language from *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), where, in addition to the three grounds for reconsideration identified herein, the Ninth Circuit noted that "[t]here may be other, highly unusual, circumstances warranting reconsideration. Plaintiff does not identify any highly unusual circumstances that warrant reconsideration here.

of judgment, a party may file a motion to alter or amend the judgment. Fed.R.Civ.P. 59(e). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id*. "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08–CV–2342–L, 2009 WL 2058549, at *2 (S.D.Cal. July 15, 2009) (Lorenz, J.). In other words, a Rule 59(e) motion does not give parties a "second bite at the apple." *See Weeks v. Bayer*, 246 F.3d 1231, 1236–37 (9th Cir. 2001); *see also Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D.Mich.1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."); *Bermingham v. Sony Corp. of Am., Inc.*, 820 F.Supp. 834, 856 (D.N.J.1992), *aff'd* 37 F.3d 1485 (3d Cir. 1994) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (citation omitted). Ultimately, "[t]here is no requirement that reasons be stated for the denial of a motion for reconsideration under Rule 59(e)." *Briddle v. Scott*, 63 F.3d 364, 381 (5th Cir. 1995).

Here, Plaintiff does not identify any change in controlling authority[2] or new evidence. Rather, she simply thinks the Court's order granting summary judgment order was wrong. Thus, she utilizes the entirety of her motion making the same arguments she made (or could have made) on summary judgment, both in her opposition brief and at the hearing, before which the Court had provided the parties with a tentative draft of its summary judgment order. Plaintiff's dissatisfaction with the Court's decision is hardly surprising, but her inability to convince the Court the first time around does not entitle her to a second bite at the apple under Rule 59. By merely rearguing her position that USD's summary judgment motion should have been denied, she has not offered any basis for reconsideration of the Court's order granting summary judgment for USD. *Cf. Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (holding with respect to motion for relief from judgment under Rule 60(b) that "[b]ecause [the movants] simply reargued their case . . . the district court did not abuse its discretion in denying the motion.").

Ultimately, the Court echoes the following sentiment expressed by another district judge that motions for reconsideration should not be used merely as an intermediate "appeal" before taking a disputed ruling to the Ninth Circuit:

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems

---

[2] The only new opinion Plaintiff cites is a decision on a motion for attorney's fees in an employment discrimination case. *Fox v. Pittsburg State Univ.*, No. 14-CV-2606-JAR, 2017 WL 2735475 (D. Kan. June 26, 2017). The opinion is entirely irrelevant to USD's summary judgment motion, and even if it were applicable, a decision from the United States District Court for the District of Kansas does not constitute an intervening change in controlling law that would warrant reconsideration.

to have instead become *de rigueur* to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.

This is not to say that a motion for reconsideration is never well-taken. A litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical, an intervening change in controlling authority, or other critical matters that the Rules provide should be brought to the Court's attention in this way. On this basis, motions for reconsideration should be few, far between, and narrowly focused. When this is the case, the Rules work as they were intended, and the Court can focus on the business of justice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3–4 (S.D. Cal. Apr. 10, 2007). Plaintiff's motion for reconsideration does not meet the description in the second paragraph of the above block quote. The Court considered all of the arguments and evidence Plaintiff reiterates in her motion for reconsideration when it granted USD's motion for summary judgment and is not persuaded that its order was incorrect. Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

It is **SO ORDERED**.

Dated: August 15, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge