UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE RAMSER,<br><br>         Plaintiff,<br><br>v.<br><br>RICKY LAIELLI; UNIVERSITY OF SAN DIEGO, a California corporation; and DOES 1-20,<br><br>         Defendants. | Case No.: 15-CV-2018-CAB-DHB<br><br>**ORDER RE MOTION FOR JUDGMENT AMOUNT AGAINST DEFENDANT RICKY LAIELLI**<br><br>[Doc. No. 115] |

The Court has already entered judgment against Defendant Ricky Laielli, and Plaintiff now moves for entry of a damages award. Laielli has not responded to Plaintiff's motion. After careful consideration of Plaintiff's moving papers, combined with the Court's familiarity with the allegations in this case, the motion is granted.

**I. Factual Background**

The Court provided a detailed account of the facts and allegations in this case in its order granting summary judgment in favor of Defendant the University of San Diego ("USD") and will not repeat those facts here. Relevant to the instant motion, Plaintiff alleged in her first amended complaint ("FAC") that Laielli raped her in her dorm room at USD on February 9, 2014, and asserted four claims against Laielli arising out of that rape:

(1) rape; (2) hate violence; (3) interference with civil rights under California Civil Code § 52.1; and (4) gender violence under California Civil Code § 52.4. When Laielli did not timely respond to the FAC, Plaintiff requested entry of default, and on March 7, 2016, the Clerk of Court entered default against Laielli.

On April 6, 2016, Plaintiff moved for default judgment against Laielli. [Doc. No. 22.] On April 29, 2016, Laielli filed an opposition in which he also generally denied all of the allegations in the FAC. [Doc. No. 25.] In light of Laielli's appearance in the case, the Court denied the motion for default judgment, and ordered Laielli to respond to the FAC. [Doc. No. 26.] Laielli filed his response on May 17, 2016, in which he denied the allegations in the FAC and provided his version of what happened in Plaintiff's dorm room on the night in question. [Doc. No. 31.]

From that point forward, Laielli generally failed to participate in discovery and ignored court discovery orders on motions to compel, leading Plaintiff to move for sanctions [Doc. No. 40] and the Court to order Laielli to show cause why he should not be sanctioned, including by entry of default judgment. [Doc. No. 45.] After Laielli did not respond to the order to show cause ("OSC") or appear at the September 30, 2016, hearing on the OSC, the Court granted Plaintiff's motion for sanctions based on "Laielli's continued failure to comply with his discovery obligations, failure to comply with the Court's orders, failure to respond when given the opportunity to explain why he should not be sanctioned, and general failure to participate in this litigation." [Doc. No. 48.] The Court sanctioned Laielli by entering judgment in favor of Plaintiff and against Laielli on all claims in the FAC, and ordered him to pay Plaintiff's attorney's fees in the amount of $5,985.00 in connection with his non-compliance with discovery obligations. [*Id.*]

This lawsuit proceeded against USD, and Laielli was deposed on January 9, 2017, but Laielli made no further effort to appear in the lawsuit to defend himself. On August 4, 2017, the Court granted summary judgment in favor of USD. [Doc. No. 111.] On August 21, 2017, Plaintiff filed the instant motion for a judgment amount against Laielli. [Doc.

No. 115.] Plaintiff served the motion on Laielli at his last known address, and the Court allowed Laielli until September 11, 2017 to respond, but no response has been filed.

## II. Discussion

Having already entered judgment against Laielli, the only question before the Court is a reasonable damage award for Plaintiff from Laielli. Plaintiff has the burden of proving her damages. *Philip Morris USA, Inc. v. Castworld Products, Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003). "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *Id.* In her instant motion, Plaintiff seeks damages for her pain and suffering, economic damages, litigation costs, attorney's fees, and punitive damages.

### A. Pain and Suffering

Plaintiff asks for non-economic damages of $1.5 million to compensate her for the pain and suffering she has suffered since the rape. The motion includes a declaration from Plaintiff describing her experiences since the rape and also cites to cases affirming awards of non-economic damages similar to or greater than this amount in other sexual assault cases. *See, e.g., Janice H. v. 696 N. Robertson, LLC,* 1 Cal. App. 5th 586, 602-05 (Ct. App. 2016) (affirming $5.35 million non-economic damage award from jury related to sexual assault claims). Accepting her allegations against Laielli as true, what Plaintiff experienced was undoubtedly traumatic. Based on her declaration and citation of a recent California case affirming a non-economic damage award of over $5 million in a sexual assault case, Plaintiff has met her burden of demonstrating entitlement to $1.5 million in non-economic damages from Laielli.

### B. Economic Damages

Plaintiff asks for economic damages of $10,835, primarily consisting of costs associated with the immediate aftermath of the rape and her eventual transfer to the University of North Carolina. Based on her declaration and the lack of opposition thereto from Laielli, Plaintiff has met her burden of demonstrating entitlement to $10,835 in economic damages from Laielli.

### C. Litigation Costs

Plaintiff asks for litigation costs from the filing of the original complaint through the entry of judgment against Laielli of $14,898, which equals approximately half of the total costs she incurred over that period. Plaintiff's counsel breaks down these costs in her declaration in support of the instant motion.

*State Court Filing Fee -- $435 x .5 = $217*

Plaintiff does not explain why a state court filing fee is recoverable in this lawsuit that was originally filed in federal court. Accordingly, she has not met her burden of demonstrating entitlement to this cost.

*Federal Court Filing Fee -- $400 x .5 = $200*

Plaintiff is entitled to this cost.

*Service of Complaints on Laielli -- $100.50*

Half of this amount relates to service a state court complaint on Laielli. Plaintiff does not explain why she should recover the cost of service of a state court complaint in this lawsuit that was originally filed in federal court. Accordingly, Plaintiff is only entitled to the cost of service of the complaint in this case.

*Deposition Costs Through September 30, 2016 -- $6,191 x .5 = $3095.50*

Plaintiff includes receipts for these deposition transcripts with her motion. Accordingly, Plaintiff has demonstrated entitlement to these costs.

*Expert Costs Through September 30, 2016 -- $22,091.24 x .5 = $11,045.62*

Plaintiff seeks costs related to her experts Wendy Murphy and Ruth Hinzman. Plaintiff retained Murphy to testify about whether USD's policies complied with Title IX, and she retained Hinzman to testify about proper procedures for responding to a sexual assault claim. [Doc. No. 86-2 at 6-7.] Plaintiff does not explain how these experts, whose proposed testimony appears to concern only USD's response to Plaintiff's rape claim, are relevant or necessary to her claims against Laielli. Accordingly, Plaintiff has not satisfied her burden of demonstrating entitlement to these costs from Laielli.

*Service of Discovery and Motions on Laielli -- $240*

In light of Laielli's lack of participation in this case and change of address without notification to the Court, Plaintiff is entitled to recover costs incurred attempting to personally serve Laielli with various discovery motions.

### D. Attorney's Fees

Plaintiff is entitled to her attorney's fees for her claims under California Civil Code sections 51.7, 52.1, and 52.4. She asks for half of her attorney's fees through September 30, 2016, along with fees related to the instant motion, and the $5,985 the Court previously awarded in its judgment order against Laielli, for a total of $151,515. Because the $5,985 is presumably included in the pre-September 30, 2016 fees, the Court declines to add that amount to the requested fee award. Otherwise, the Court finds Plaintiff's fee request reasonable and therefore will include $145,530 for attorney's fees in the judgment amount.

### E. Punitive Damages

Plaintiff seeks punitive damages but does not propose an amount or make any argument as to how the Court might determine a punitive damage amount. "When punitive damages are sought by default judgment, the court must have independent evidence to support the award because punitive-damages-worthy conduct alleged in a complaint is not regarded as admitted by default." *Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1215 (D. Nev. 2016). When awarding punitive damages, "[t]he factors to be considered are (1) the nature of the defendants' acts; (2) the amount of compensatory damages awarded; and (3) the wealth of the defendants." *Prof'l Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1473 (9th Cir. 1984). "In determining whether punitive damages are appropriate, the Court cannot make a fully informed determination of whether an award of punitive damages is excessive unless the record contains evidence of a defendant's financial condition." *Brantley v. Boyd*, No. C 07-6139 MMC, 2013 WL 3766911, at *9 (N.D. Cal. July 16, 2013) (declining to award punitive damages because the record did not include evidence regarding the defendant's wealth). Here, Plaintiff offers no evidence of Laielli's financial condition, but admits that

Laielli is a student. [Doc. No. 115-1 at 5.] Because the record lacks evidence of Laielli's net worth or wealth, the Court declines to award punitive damages.

### III. Disposition

In light of the foregoing, Plaintiff's motion for a judgment amount against Laielli is **GRANTED**. It is hereby **ORDERED** that **JUDGMENT** is entered in favor of Plaintiff Nicole Ramser and against Defendant Ricky Laielli in the amount of **$1,659,950.75**. The Clerk of Court is instructed to **CLOSE** this case.

It is **SO ORDERED**.

Dated: September 20, 2017

Hon. Cathy Ann Bencivengo
United States District Judge